O

# United States District Court
# Central District of California

| | |
|---|---|
| NIJIATI MAIMAITIYIMING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MERRICK GARLAND et al.,<br><br>　　　　　Defendants. | Case № 8:24-cv-02001-ODW (ADSx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [11]** |

## I.　　INTRODUCTION

Plaintiff Nijiati Maimaitiyiming brings this action to compel Defendants Merrick Garland as U.S. Attorney General, Alejandro Mayorkas as Secretary of the U.S. Department of Homeland Security, Ur Mendoza Jaddou as Director of U.S. Citizenship and Immigration Services ("USCIS"), Ted H. Kim as Director of USCIS Refugee, Asylum, and International Operations Directorate, and George Mihalko as Director of USCIS, Tustin Asylum Office (collectively, "Defendants") to adjudicate his asylum application. (Compl., ECF No. 1.) Defendants move to dismiss the Complaint. (Mot. Dismiss ("Motion" or "Mot."), ECF No. 11.) For the following reasons, the Court **GRANTS IN PART and DENIES IN PART** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

Maimaitiyiming is a citizen of China and a Uighur Muslim. (Compl. ¶ 9.) Since the early 2010's, the Chinese government has targeted the Uighur population through mass internment, surveillance, cultural suppression. (*Id.*) On March 2, 2020, Maimaitiyiming filed a Form I-589, application for asylum with the USCIS. (*Id.* ¶ 15.) Thereafter, Maimaitiyiming contacted the USCIS multiple times regarding the status of his application, and the USCIS responded that it was facing "a significant backlog of more than 300,000 pending affirmative asylum cases" and would schedule interviews using a "last in, first out" ("LIFO") approach—scheduling interviews for more recently filed asylum applications ahead of older filings. (*Id*. ¶ 18.) In addition to his multiple requests with the USCIS, Maimaitiyiming also contacted his local congressman for assistance, to no avail. (*Id.* ¶ 26.) Despite exhausting administrative remedies, Maimaitiyiming has yet to receive an interview date or information regarding the status of his application from the USCIS. (*Id.* ¶ 9.)

On September 17, 2024, Maimaitiyiming filed this action, alleging that Defendants unreasonably delayed scheduling his interview and adjudicating his application, and seeking to compel USCIS to act on his application. (*Id.* ¶¶ 27–47.) Maimaitiyiming asserts two causes of action against Defendants: (1) violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706(1); and (2) violation of the Mandamus Act, 28 U.S.C. §§ 1361, 1651. (*Id*.) Defendants move to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure ("Rule" or "Rules") 12(b)(1) and 12(b)(6). (Mot.) The Motion is fully briefed. (Opp'n, ECF No. 12; Reply, ECF No. 13.)

## III. LEGAL STANDARD

Defendants move to dismiss the Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.

---

[2] All factual references derive from Maimaitiyiming's Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## A.   Rule 12(b)(1)—Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to Rule 12(b)(1), a party may move to dismiss based on a court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted). Conversely, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id*. The party attempting to invoke a court's jurisdiction bears the burden of proof for establishing jurisdiction. *See Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

## B.   Rule 12(b)(6)—Failure to State a Claim

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the

pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.   DISCUSSION

First, Defendants move to dismiss the first cause of action on the grounds that the Court lacks subject matter jurisdiction under the APA. (Mot. 9.) Second, Defendants argue that, even if the Court has subject matter jurisdiction, Maimaitiyiming fails to state an APA and Mandamus claim. (*Id.* at 11–20.) Third, Defendants seek dismissal of Maimaitiyiming's request for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). (*Id.* at 20.) The Court addresses each argument in turn.

**A.   Subject Matter Jurisdiction**

Defendants argue that this Court lacks subject matter jurisdiction under the APA because (1) the INA precludes judicial review, and (2) the agency action at issue is committed to agency discretion by law. (*Id.* at 9.)

Generally, "the APA does not provide an independent basis for subject matter jurisdiction in the district courts." *See Tucson Airport Auth. v. Gen. Dynamics Corp.*,

136 F.3d 641, 645 (9th Cir. 1998). However, "the APA expressly authorizes a court to 'compel agency action unlawfully withheld or unreasonably delayed.'" *Plaskett v. Wormuth*, 18 F.4th 1072, 1081 (9th Cir. 2021) (quoting 5 U.S.C. § 706(1)). A court may compel an agency to act only if "a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original). The presumption in favor of review is overcome in two narrow circumstances: "when statutory preclusion exists" or "when 'agency action is committed to agency discretion by law.'" *Karapetyan v. Mayorkas*, No. 2:24-cv-05838-SPG (AGRx), 2025 WL 665651, at *2 (C.D. Cal. Feb. 5, 2025).

Pursuant to the INA, "in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(ii). Additionally, "in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed." *Id.* § 1158(d)(5)(A)(iii). However, the INA also bars any private right of action to enforce those timing requirements. *See id.* § 1158(d)(7) ("Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."). Thus, courts in this district have "routinely held that asylum applicants lack a private right of action to enforce the timing requirements of § 1158(d)(5)(A)." *Teymouri v. U.S. Citizenship & Immigr. Servs.*, No. 2:22-cv-07689-PA (JCx), 2022 WL 18717560, at *3 (C.D. Cal. Jan. 31, 2022) (quoting *Liuqing Zhu v. Cissna*, No. 2:18-cv-09698-PA (JPRx), 2019 WL 3064458, at *3 (C.D. Cal. Apr. 22, 2019) (collecting cases)).

Defendants first argue that the INA precludes judicial review to enforce the timing guidelines laid out in Section 1158(d)(5)(A). (Mot. 10.) While that may be true, Maimaitiyiming does not seek to enforce time requirements. Rather, he "challenges only the reasonableness of Defendants' delay or inaction in the scheduling

of his asylum interview and adjudication of his I-589 application." (Compl. ¶ 33.) Where, as here, the plaintiff seeks a determination of unreasonable delay and does not seek to enforce the timing requirements set forth in § 1158(d)(5)(A), the Court has subject matter jurisdiction. *See Zhou v. Mayorkas*, No. 2:24-cv-05096-CBM (MRWx), 2024 WL 5047475, at *2 (C.D. Cal. Oct. 25, 2024) (collecting cases).

First, the prohibition against a private right of action articulated in § 1158(d)(7) does not preclude judicial review of USCIS's inaction under the APA. *Tailawal v. Mayorkas*, No. 2:22-cv-01515-SPG (RAOx), 2022 WL 4493725, at *3 (C.D. Cal. Aug. 18, 2022). Instead, it provides only that there is no private right of action to enforce certain timing requirements in the INA. *See* 8 U.S.C. § 1158(d)(7).

Moreover, § 1158(d)(7) does not include the jurisdiction-stripping language found elsewhere in the INA. *See, e.g.*, 8 U.S.C. § 1158(a)(3) (providing "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)"); *see also id.* § 1158(b)(2)(D) (providing "[t]here shall be no judicial review of a determination of the Attorney General under subparagraph (A)(v)"). "Had Congress intended § 1158(d)(7) to be a jurisdiction-stripping provision, it would have adopted the express language found in § 1158(a)(3) and § 1158(b)(2)(D)." *Varol v. Radel*, 420 F. Supp. 3d 1089, 1096 (S.D. Cal. 2019). But Congress did not do so, and "[w]hen a statute is 'reasonably susceptible to divergent interpretation,'" courts apply "the presumption favoring judicial review of administrative action." *Kucana v. Holder*, 558 U.S. 233, 251 (2010).

Thus, the Court finds that § 1158(d)(7) does not deprive the Court of subject matter jurisdiction here. *See Varol*, 420 F. Supp. 3d at 1096 (finding the court possessed subject matter jurisdiction but plaintiff did not have a private right of action under the INA); *Tailawal*, 2022 WL 4493725, at *3 (same); *Hui Dong v. Cuccinelli*, No. 2:20-cv-10030-CBM (PLAx), 2021 WL 1214512, at *2 (C.D. Cal. Mar. 2, 2021) (same).

Next, Defendants argue that the statutory timing requirements are not mandatory and that § 1158(d)(5)(A)(ii) vests some degree of agency discretion such that failure to meet the timing requirements is not subject to judicial review. (Mot. 10.) But the agency action that Maimaitiyiming asks the Court to review is not a discretionary act for which the Court lacks subject matter jurisdiction under the APA. Section 1158(d)(5)(A) provides that, absent exceptional circumstances, USCIS "shall" conduct an interview or hearing on an asylum application within 45 days and "shall" adjudicate an asylum application within 180 days. 8 U.S.C. § 1158(d)(5)(A)(ii), (iii). "The term 'shall' is usually regarded as making a provision mandatory, and the rules of statutory construction presume that the term is used in its ordinary sense unless there is clear evidence to the contrary." *Viet. Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1081 (9th Cir. 2016). Although USCIS has some discretion to delay an interview or adjudication of an asylum application under "exceptional circumstances," that does not negate the discrete and mandatory nature of USCIS's duty to schedule the interview and to adjudicate the application. *See Tailawal*, 2022 WL 4493725, at *3 ("[D]iscretion in the manner in which the duty may be carried out does not mean that the [agency] does not have a duty to perform a 'discrete action' within the meaning of § 706(a)." (quoting *Viet. Veterans*, 811 F.3d at 1079)).

Accordingly, while Maimaitiyiming has no private right of action to enforce the time requirements set forth in § 1158(d)(5)(A), the Court possesses jurisdiction to hear his claims under the APA. The Court **DENIES** Defendants' Motion to Dismiss the first cause of action for lack of subject matter jurisdiction.

### B. Failure to State a Claim

Next, Defendants move to dismiss the Complaint for failure to state a claim under the APA and the Mandamus Act. (Mot. 11–20.)

### 1. *5 U.S.C. §§ 706(1), 706(2)*

As a preliminary matter, it appears Maimaitiyiming asserts his APA claim under both 5 U.S.C. §§ 706(1) and 706(2). (*See* Compl. ¶¶ 1, 3, 29.) Defendants argue these allegations are duplicative and that, to the extent Maimaitiyiming asserts his APA claim under § 706(2), such claims should be dismissed for failure to allege a "final agency action." (Mot. 19–20.) Defendants are correct.

Section 706(1) allows a court to "compel agency action unlawfully withheld or unreasonably delayed," while § 706(2) allows a court to "hold unlawful and set aside agency action, findings, and conclusion." *Durham v. Blinken*, No. 2:24-cv-02868-PSG (MRWx), 2024 WL 3811146, at *4 (C.D. Cal. Aug. 8, 2024). Where, as here, Maimaitiyiming does not allege a final agency action and only challenges USCIS's unreasonable delay, § 706(2) is "not the proper vehicle for [him] to allege [his] unreasonable delay claim.'" *Karapetyan*, 2025 WL 665651, at *5 n.4. Instead, "[a] challenge to an agency's alleged failure to act is more appropriately channeled through Section 706(1)." *Durham*, 2024 WL 3811146, at *4. The Court therefore evaluates the APA claim under § 706(1), not § 706(2).

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss the first cause of action to the extent any claims are based on 5 U.S.C. § 706(2), **WITHOUT LEAVE TO AMEND**.

### 2. *The Administrative Procedure Act*

Defendants argue that Maimaitiyiming's first cause of action, his APA claim, is inadequately pleaded because he fails to allege facts sufficient to establish an unreasonable delay. (Mot. 11–18.) Maimaitiyiming contends that determining the unreasonableness of the delay at the motion to dismiss stage is premature. (Opp'n 8.)

To determine whether delay in administrative action is unreasonable under the APA, courts generally consider the following factors (commonly referred to as the "*TRAC* factors"):

(1) the time agencies take to make decisions must be governed by a rule of reason;

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Telecomm. Rsch. & Action Ctr. v. F.C.C. (TRAC)*, 750 F.2d 70, 79–80 (D.C. Cir. 1984) (internal citations and quotation marks omitted).

Courts in this district "disagree as to whether it is appropriate to analyze the *TRAC* factors at the motion to dismiss stage because of their 'fact-intensive' nature.'" *Varzaghani v. Mayorkas*, No. 2:23-cv-01876-DMG (KESx), 2024 WL 2952141, at *3 (C.D. Cal. June 5, 2024). District courts have analyzed the *TRAC* factors at the motion to dismiss stage "when the plaintiff has not alleged any fact—other than the length of the delay—that undermines USCIS's claim of reasonableness." *Id.* at *4 (applying the *TRAC* factors because the plaintiff's unreasonableness argument was based solely on the length of the agency's delay); *see also Baizakova v. Jaddou*, No. 8:24-cv-00201-JFW (DFMx), 2024 WL 30632227, at *5 (C.D. Cal. June 14, 2024) (applying the *TRAC* factors because the plaintiff did "not allege facts, beyond the submission of her [a]sylum [a]pplication").

Maimaitiyiming alleges that (1) his application has been pending since March 2, 2020, (Compl. ¶ 15), (2) "USCIS is unable to provide estimated interview dates for the backlogged cases at this time, or to provide a reliable timeframe for when

backlogged cases will be scheduled," (*id.* ¶ 18), and (3) USCIS's LIFO policy causes him to have "no way to obtain any idea when he will be interviewed and thus he remains in multi-year limbo," (*id.* ¶ 19). Here, the allegations do not rely solely on the length of the delay but also USCIS's inability to provide Maimaitiyiming with any timeline as to when it will schedule his interview and adjudicate his application. Viewing these facts in the light most favorable to Maimaitiyiming, the Court finds the allegations raise a plausible inference that the delay is unreasonable and declines to apply the *TRAC* test at this stage. *See e.g.*, *Zhou*, 2024 WL 5047475, at *4 (declining to apply the *TRAC* factors because plaintiff's complaint was based on the length of the delay as well as "USCIS's failure to provide her with any timeframe of when the interview and adjudication will take place"); *Davtyan v. Jaddou*, No. 2:24-cv-01929-CBM (PDx), 2024 WL 3740096, at *4 (C.D. Cal. July 9, 2024) (declining to apply the *TRAC* factors when plaintiff alleged, in addition to length of time, that defendants provided no timeline as to when she will be scheduled for an interview or when her application will be adjudicated).

Accordingly, the Court **DENIES** Defendants' Motion to Dismiss the first cause of action.

### 3. *The Mandamus Act*

Defendants next argue that Maimaitiyiming fails to state a claim under the Mandamus Act, 28 U.S.C. § 1361, because "8 U.S.C. § 1158(d)(7) specifically forecloses the possibility of a private right of action based the timeframes set forth in 8 U.S.C. § 1158(d)(5)(A)." (Mot. 19.)

The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of the mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "For mandamus relief, three elements must be satisfied: (1) the plaintiff's claim is clear and certain; (2) the defendant official's duty is ministerial and so plainly described as to be free from doubt; and (3) no other

adequate remedy is available." *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003) (cleaned up). However, "[m]andamus is an extraordinary remedy," and "[e]ven if the test is met, the district court still retains the discretion to deny relief." *Id.*

In his opposition, Maimaitiyiming argues that he is not asserting a claim based on the statutory timing requirements; rather, he seeks to compel Defendants to schedule his interview without unreasonable delay. (Opp'n 12.) Based on this argument, Maimaitiyiming's Mandamus claim fails to satisfy the third element as it overlaps with his unreasonable delay claim under the APA. *See Chen v. Jaddou*, 2024 WL 5411391, at *9 (C.D. Cal. Nov. 27, 2024) (finding plaintiff failed to demonstrate that no other adequate remedy was available when her Mandamus claim overlapped with her APA claim).

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss the second cause of action. Because Maimaitiyiming's surviving APA claim provides an adequate remedy to compel adjudication of his asylum application, the dismissal is **WITHOUT LEAVE TO AMEND**. *See Karapetyan*, 2025 WL 665651, at *5 (dismissing plaintiffs' Mandamus claim without leave to amend because plaintiffs' APA claim provided an adequate remedy).

  4.  *EAJA Fees*

Lastly, Defendants move to dismiss Maimaitiyiming's request for attorney's fees and costs pursuant to EAJA as premature. (Mot. 20.) Maimaitiyiming does not oppose or even respond to this argument. (*See generally* Opp'n.) "Failure to oppose constitutes a waiver or abandonment of the issue." *Heraldez v. Bayview Loan Servicing, LLC*, No. 2:16-cv-1978-R, 2016 WL 10834101, at *2 (C.D. Cal. Dec. 15, 2016), *aff'd*, 719 F. App'x 663 (9th Cir. 2018). Accordingly, the Court **GRANTS** Defendants' Motion and **DISMISSES** Maimaitiyiming's request for attorneys' fees and costs as premature, without prejudice to any future motion for EAJA fees and costs, as future circumstances may warrant.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART and DENIES IN PART** Defendants' Motion to Dismiss, (ECF No. 11). The Court **DISMISSES** (1) the first cause of action to the extent any claims are based on violation of 5 U.S.C. § 706(2) and (2) the second cause of action in its entirety, **WITHOUT LEAVE TO AMEND**. The Court **DISMISSES** the request for attorneys' fees and costs pursuant to EAJA as premature, without prejudice to any future motion for EAJA fees and costs, as future circumstances may warrant. Defendants shall answer the Complaint as to the remaining cause of action within **twenty-one days** of the date of this order.

**IT IS SO ORDERED.**

April 9, 2025

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**